UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., *et al.*, | Case No. 13-cv-111-L(WVG) |
| Plaintiffs, | **ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | |
| ALAN PHU, *et al.*, | |
| Defendants. | |

On January 15, 2013, Plaintiffs Dish Network L.L.C., Echostar Techologies L.L.C., and Nagrastar LLC commenced this action to void fraudulent transfers of assets by Defendants Alan Phu, Alcy Investment LLC, Alcy & AJ Investment LLC, AJ Management LLC, and Cyndi Phu, and recover the asset to satisfy a $64.9 million judgment against Mr. Phu among others. Plaintiffs file this action based on "ancillary subject matter jurisdiction" because Plaintiffs seek to enforce a judgment previously entered by this Court in *Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-cv-1553-L(WVG), 2012 WL 1965279 (S.D. Cal. May 31, 2012). (Compl. ¶ 11.)

For the following reasons, the Court finds that Plaintiffs' complaint is facially deficient and **DISMISSES WITHOUT PREJUDICE** this action in its entirety for lack of subject matter jurisdiction.

//

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"[A]ncillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in federal court." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978). "Ancillary jurisdiction may extend to claims having a factual and logical dependence on 'the primary lawsuit,' but that primary lawsuit must contain an independent basis for federal jurisdiction." *Peacock v. Thomas*, 516 U.S. 349, 355 (1996) (citing *Owen Equip & Erection*, 437 U.S. at 376) (citations omitted). "The court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims." *Id.* (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996)). "In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Id.* (citing *Kokkonen*, 511 U.S. at 380-81; *H.C. Cook Co. v. Beecher*, 217 U.S. 497, 498-99 (1910)). "Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit." *Id.*

Although there has not been a request for dismissal, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux*

*v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II.  ANALYSIS

*Sonicview USA* involved claims for violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, the Federal Communications Act ("FCA"), 47 U.S.C. § 605, and the Electronic Communications Privacy Act, 18 U.S.C. § 2511.  In that case, the defendants distributed piracy devices and software in violation of the DMCA and FCA.  *Sonicview USA*, 2012 WL 1965279, at *7-14.  The Court entered judgment in favor of the plaintiffs for approximately $66 million.  *Id.* at *14.  The Court had jurisdiction in that case because it involved a federal question.  Also, only Alan Phu was a defendant in *Sonicview USA* among Defendants in this case.

In this action, Plaintiffs assert only state-law claims against Defendants for Avoidance and Recovery of Actual and Fraudulent Transfers under California Civil Code §§ 3439.04(a) and 3439.05 and Texas Business and Commerce Code §§ 24.005(a) and 24.006(a).  There are eights claims in total.  The assets in question that were allegedly fraudulently transferred are: (1) a property located 11851 Loara Street, Garden Grove, California 92480; (2) a property located at 8442 Melrose Circle, Westminster, California 92683; (3) 14632 Bromley Street, Westminster, California 92683; (4) a property located at 3642 Windmill Village Court, Houston, Texas 77082; (5) a property located at 11851 Garden Grove Boulevard, Garden Grove, California 92843; (6) a property located at 11751 Yana Drive, Garden Grove, California 92841; (7) a property located at 14752 Hunter Lane, Midway City, California 92655; (8) a property located at 16427 Great Oaks Hollow Drive, Houston, Texas 77083; (9) a property located 8019 Daylilly Creek, Houston, Texas 77083; (10) an ownership interest in ALCY Investment LLC, AJ Management LLC, and ALCY & AJ Management LLC (collectively, the "LLCs"), which are based in Westminster and Garden Grove, California; and (11) an account transfer of $223,834.37 from Satellite Dish Expert, Inc. ("SDE"), a company that Mr. Phu began operating in October 2005.  (Compl. ¶¶ 6–8, 20–89.)   All of these assets appear not to be within the boundaries of the Southern District

of California.[1] Plaintiffs allege that "[d]uring the time that Alan Phu was involved with [Sonicview USA], and specifically while the *Sonicview* litigation was pending, Alan Phu transferred numerous assets to his wife Cyndi Phu and the limited liability companies that are named as defendants in this case." (*Id.* ¶ 19.)

Once judgment was entered in the original copyright lawsuit, the ability to resolve simultaneously factually intertwined issues vanished. *See Peacock*, 516 U.S. at 355. And neither the convenience of litigants nor considerations of judicial economy can justify the extension of ancillary jurisdiction over Plaintiffs' fraudulent-transfer claims. *See id.* Furthermore, there is insufficient factual dependence between the claims raised this action and the *Sonicview USA* action to justify the extension of ancillary jurisdiction. As discussed above, this action exclusively involves state-law claims for the fraudulent transfer of an asset, whereas the original action involved liability under the DMCA and FCA. The claims in these actions have no factual or logical interdependence, and under these circumstances, no greater efficiencies would be created by the exercise of federal jurisdiction over them. *See Kokkenon*, 511 U.S. at 380.

### III.  CONCLUSION & ORDER

Accordingly, because the complaint does not allege facts necessary to establish subject matter jurisdiction over this action, the Court **DISMISSES WITHOUT PREJUDICE** this action in its entirety for lack of subject-matter jurisdiction. *See Peacock*, 516 U.S. at 355-56. If Plaintiffs can correct these deficiencies in the complaint, they may file an amended complaint by **April 8, 2013**. *See* 28 U.S.C. § 1653.

**IT IS SO ORDERED**.

DATED: March 27, 2013

                                                  M. James Lorenz
                                                  United States District Court Judge

---

[1] The Court notes that the location of these assets in question suggest there may also be a problem with venue. *See* 28 U.S.C. § 1391(b).