UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISH NETWORK L.L.C., *et al.*, | ) Case No. 13-cv-111-L(WVG) |
| Plaintiffs, | ) |
| | ) **ORDER GRANTING IN PART** |
| v. | ) **AND DENYING IN PART** |
| | ) **PLAINTIFFS' MOTION FOR** |
| ALAN PHU, *et al.*, | ) **RECONSIDERATION [DOC. 17]** |
| | ) |
| Defendants. | ) |

On March 27, 2013, the Court dismissed this action for lack of jurisdiction. Specifically, the Court found that exercising ancillary jurisdiction was improper under *Peacock v. Thomas*, 516 U.S. 349 (1996). Plaintiffs Dish Network L.L.C., Echostar Techologies L.L.C., and Nagrastar LLC now move for reconsideration under Federal Rule of Civil Procedure 54(b), directing the Court's attention to *Thomas, Head & Greisen Employees Trust v. Buster*, 95 F.3d 1449 (9th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997). Defendants Alan Phu, Alcy Investment LLC, Alcy & AJ Investment LLC, AJ Management LLC, and Cyndi Phu oppose.

The Court noted earlier that this motion will be considered on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 18.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion. (Doc. 17.)

## I.   LEGAL STANDARD

"Federal Rule of Civil Procedure 54(b) states that a district court can modify an interlocutory order 'at any time' before entry of a final judgment, and [the Ninth Circuit has] long recognized 'the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory." *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)). Although a district court may reconsider its decision for any reason it deems sufficient, generally a motion for reconsideration "is appropriate if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993); *see also Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal.2003) (Whelan, J.). Whether to grant a motion for reconsideration is in the sound discretion of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir.2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000)).

## II.   ANALYSIS

On January 15, 2013, Plaintiffs commenced this action to void fraudulent transfers of assets by Defendants, and recover the assets to satisfy a $64.9 million judgment against Mr. Phu and others. This action—which only asserts state-law claims under California and Texas law—is based on "ancillary subject matter jurisdiction" related to Plaintiffs' attempt to enforce the judgment previously entered by this Court in *Dish Network L.L.C. v. Sonicview USA, Inc.*, No. 09-cv-1553-L(WVG), 2012 WL 1965279 (S.D. Cal. May 31, 2012). The Court subsequently dismissed this action for lack of jurisdiction.

Plaintiffs now move for reconsideration of the dismissal of this action, and Defendants oppose. The Court addresses the pertinent issues below.

//
//

### A. Ancillary Jurisdiction

Section 1367 codified the case-law doctrines of "pendent" and "ancillary" jurisdiction under the name of "supplemental jurisdiction." 28 U.S.C.A. § 1367, Practice Commentary 759-60. "[A]ncillary jurisdiction typically involves claims by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in federal court." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376 (1978). "A plaintiff cannot complain if ancillary jurisdiction does not encompass all of his possible claims . . . since it is he who has chosen the federal rather than the state forum and must thus accept its limitations." *Id.*

Under *Peacock*, "[a]ncillary jurisdiction may extend to claims having a factual and logical dependence on 'the primary lawsuit,' but that primary lawsuit must contain an independent basis for federal jurisdiction." 516 U.S. at 355 (citing *Owen Equip & Erection*, 437 U.S. at 376) (citations omitted). "The court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims." *Id.* (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996)). "In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380-81 (1994); *H.C. Cook Co. v. Beecher*, 217 U.S. 497, 498-99 (1910)). "Consequently, claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit." *Id.*

However, *Thomas, Head* provides an alternative route to establish ancillary jurisdiction over an action, which "derives from the long-recognized principle that a federal court may assert authority over non-federal claims 'when necessary to give effect to the court's judgment.'" 95 F.3d at 1453 (citing *Finley v. United States*, 490 U.S. 545, 551 (1989)). In *Thomas, Head*, after the Ninth Circuit found *Peacock* inapposite, it reasoned that the principle of *Riggs v. Johnson County*, 73 U.S. (6 Wall.) 166, 187 (1867), remains sound: "Process subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be

incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." *Thomas, Head*, 95 F.3d at 1455.  Thus, the district court properly exercises ancillary jurisdiction over parties involved in alleged fraudulent conveyances in supplementary proceedings to set aside the aforementioned alleged fraudulent conveyances.  *See id.*

Here, Plaintiffs assert claims against Defendants for Avoidance and Recovery of Actual and Fraudulent Transfers under only California and Texas law.  Accordingly, the Court dismissed this action under *Peacock* because the fraudulent-transfer claims in this action have no factual or logical interdependence with *Sonicview USA*, and under the circumstances, no greater efficiencies would be created by the exercise of federal jurisdiction over them.  But after reviewing *Thomas, Head*, Plaintiffs correctly argue that the Court could have exercised ancillary jurisdiction over this action as a supplemental proceeding to set aside an alleged fraudulent conveyance.  *See Thomas, Head*, 95 F.3d at 1455.  Therefore, the Court **GRANTS** Plaintiffs' request for reconsideration insofar as the Court's dismissal of this action on the ground that it lacked jurisdiction under *Peacock*.  *See ACandS*, 5 F.3d at 1263; *see also Peacock*, 516 U.S. at 355; *Thomas, Head*, 95 F.3d at 1455.

**B.     Discretion to "Decline to Exercise" Supplemental Jurisdiction**

"As long as a U.S. district court has original jurisdiction of a claim, subdivision (a) of . . . § 1367 dictates that the court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367, Practice Commentary 761-62.  "The conferral is in mandatory terms—the court 'shall' have the supplemental jurisdiction—but subdivision (c) . . . gives the court discretion to 'decline to exercise' the supplemental jurisdiction in various circumstances." *Id.* at 762.  Subdivision (c) enumerates four circumstances that permit the district court to decline to exercise supplemental jurisdiction over a claim brought under subdivision (a).  28 U.S.C. § 1367(c).

This action does not qualify as one brought under subdivision (a) because, under the complaint in its current form, the Court does not have original jurisdiction over any of the claims

asserted. *See* 28 U.S.C. § 1367(a). Thus, the Court's power to decline the exercise of supplemental jurisdiction does not arise from the authority granted by subdivision (c). *See id.* § 1367(c). Rather, outside of the statutory framework of § 1367, Ninth Circuit case law states that "ancillary jurisdiction is . . . a 'doctrine of discretion'." *Blake v. Pallan*, 554 F.2d 947, 958 (9th Cir. 1977) (also recognizing that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right"); *see also IMFC Prof'l Servs. of Fla. v. Latin Am. Hoe Health, Inc.*, 676 F.2d 152, 160 (5th Cir. 1982); *Harris v. Steinem*, 571 F.2d 119, 122 (2d Cir. 1978). That proposition is consistent with *Thomas, Head*, which states that the power to protect judgments "derives from the long-recognized principle that a federal court *may* assert authority over non-federal claims 'when necessary to give effect to the court's judgment.'" *Thomas, Head*, 95 F.3d at 1453 (emphasis added). And that "necessity" is merely a conditional antecedent to the district court's discretion to exercise ancillary jurisdiction. *See id.* Consequently, in this instance, the Court has discretion to decline the exercise of ancillary jurisdiction.

Plaintiffs heavily rely on *Sukumar v. Direct Focus Inc.*, 224 Fed. App'x 556 (9th Cir. 2007) (memorandum opinion), to support their argument that the Court has a duty to exercise jurisdiction until judgment is satisfied, and that jurisdiction carries over to actions taken to enforce the judgment such as this one. (Pls.' Mot. 6:10–22.) In *Sukumar*, the district court's dismissal order declared that it "has no jurisdiction to consider [the plaintiff's] contentions or to alter the remedy entered as the Judgment in this case." 224 Fed. App'x at 560. There was also a ban on further filings which prevented the parties from filings motions for relief from judgment. *Id.* The Ninth Circuit found that the district court had diversity jurisdiction, but "mistook the meaning of jurisdiction," further elaborating that "[i]ts jurisdiction could not 'lapse' because a filing deadline had expired," and that "[t]he district court's § 1332(a) jurisdiction is mandatory, not discretionary or permissive." *Id.* at 559-60. The Ninth Circuit ultimately concluded that "the district court's restriction of its statutory jurisdiction, and consequent refusal to consider further filings, was reversible error." *Id.* at 557. However, the circumstances in *Sukumar* are very different from those present here, the glaring difference being that the district court had diversity jurisdiction in *Sukumar*. *See id.* at 559. Thus, the Court finds *Sukumar* distinguishable, but also

unpersuasive to support the proposition that this Court is duty-bound to exercise ancillary jurisdiction.

Given that the Court does not have original jurisdiction, and because the Court's familiarity with *Sonicview USA* provides no greater advantage over the California and Texas state courts in enforcing the judgment, the Court declines to exercise ancillary jurisdiction over this action. *See* 28 U.S.C. § 1367(a); *Blake*, 554 F.2d at 958. Therefore, the Court **DENIES** Plaintiffs' request for reconsideration insofar as their request that the Court exercise ancillary jurisdiction and re-open this action.

### III. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for reconsideration brought under Rule 54(b). Though the Court reconsiders its grounds for dismissing this action, it nonetheless declines to exercise ancillary jurisdiction in this instance. *See* 28 U.S.C. § 1367(a); *ACandS*, 5 F.3d at 1263; *Blake*, 554 F.2d at 958. Accordingly, this action shall remain dismissed without prejudice.

**IT IS SO ORDERED**.

DATED: June 18, 2013

M. James Lorenz
United States District Court Judge